IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CHIANELLI BUILDING CORPORATION,<br>Plaintiff,<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | Civil Action No. 02-1768C<br>(Judge Emily C. Hewitt) |

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME TO CONDUCT DISCOVERY

Respectfully, Plaintiff does not agree that an enlargement of time to conduct discovery is necessary or appropriate, or that the reasons suggested therefore by Defendant arise to the required showing of good cause under RCFC Rule 16(b)(7). As an accommodation to newly assigned defense counsel, however, plaintiff's counsel has agreed Plaintiff would not object to an extension of forty-five days, so long the enlargement is mutual and does not affect prior cutoffs.

This action was filed in December 2002 and Defendant's Answer served in January 2003, over one year ago. Since, the parties have served, responded to, and answered various discovery, with no objections outstanding before the Court. The current scheduling order was entered on June 18, 2003, and the periods therein extended beyond the timeframes suggested by Plaintiff to accommodate the advised tasking of then primary

defense counsel, Ms. Ohta, to various immigration duties. During that tasking, however, she remained counsel of record herein and was to have continued, among other things, handling and coordination of discovery for this case, which she did, including with respect to document exchanges.

Plaintiff has no control over Defendant's decision to reassign primary responsibility of this action from Ms. Ohta to Ms. Moore. However, that decision as well as Defendant's decisions regarding what discovery to serve or conduct before or since that change in responsibility - and all resulting affects thereof - is of Defendant's own cause, not Plaintiff's, and is not good cause, alone, for the requested enlargement. Similarly, the other reasons expressed by Defendant as being good cause for the moved enlargement do not warrant the enlargement.

Defendant's concerns with the requested DCAA audit have only just arisen. Defendant's intent to seek an audit was discussed early on, including prior status conference calls. Since, the audit was initiated and contact made between the auditor and representatives for both Plaintiff and its subcontractor, ATS. Ms. Moore's recent suggestion after making appearance of non-cooperation with the DCAA auditor was the first notification of such to Plaintiff's counsel, and - while such non-cooperation is not agreed - since, counsel have been

working to coordinate additional information exchange as the auditor may request (and agreed appropriate after such advises). Again, however, if there has been delay with respect to the audit, such delay has been caused by the government's delay in communicating related concerns through counsel.

Finally, while Plaintiff is encouraged by counsel's stated anticipation that the parties will renew settlement discussions, and looks forward to such opportunities, Plaintiff is concerned that granting the enlargement could actually deter, not assist, settlement by prolonging the action, increasing the parties' costs, and similar judicially economic concerns. The parties have already previously engaged in a detailed settlement conference, exchanging much information before and during the same. Settlement was not reached that date, but subsequent discussions proceeded such that settlement seemed likely. Many other options exist to encourage further discussion, and hopeful settlement, without the need for additional delay of this action.

For the foregoing reasons, Plaintiff does not agree that enlargement of the discovery cutoffs as moved is warranted. As agreed with opposing counsel, however, Plaintiff does not object to a forty-five day extension if the Court concludes Defendant's motion has merit, and so long as the enlargement is mutual and does not affect prior cutoffs.

Respectfully submitted,

Done this date:
CHIANELLI BUILDING CORPORATION
/s/ Neil S. Lowenstein
By: ______________________________

Vandeventer Black LLP
500 World Trade Center
Norfolk, VA 23510
Telephone: 757.446.8600
Facsimile: 757.446.8670
Email: nlowenstein@vanblk.com
Attorney for Plaintiff

Of Counsel:
William E. Franczek
David W. Lannetti
Vandeventer Black LLP
500 World Trade Center
Norfolk, VA 23510
Telephone: 757.446.8600
Facsimile: 757.446.8670

CERTIFICATE OF SERVICE

I hereby certify that I served a true copy of the foregoing discovery request upon the United States as follows:

Lauren S. Moore, Esquire
Commercial Litigation Branch
Civil Division
United States Department of Justice
Washington, D.C. 20530

Attn: Classification Unit
10th Floor, 1100 L Street, N.W.
Washington, D.C. 20530

Dated: February 17, 2004

/s/ Neil S. Lowenstein
______________________________