# In the United States Court of Federal Claims

No. 02-1768 C
(Filed: February 26, 2004)

| | |
|---|---|
| CHIANELLI BUILDING CORPORATION, | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

ORDER

A telephonic status conference was held on the record on February 26, 2004 to address Defendant's Motion for an Enlargement of Time to Conduct Discovery (Def.'s Mot.) requesting an additional 90 days within which to complete discovery and Plaintiff's Response to Defendant's Motion for an Enlargement of Time to Conduct Discovery (Pl.'s Resp.). Defendant specifically requests an enlargement of time from February 27, 2004, to and including May 27, 2004. Def.'s Mot. at 1. Plaintiff does not oppose an enlargement of time for up to 45 days. Pl.'s Resp. at 1.

Defendant explains that additional time is needed to accommodate counsel's recent assignment to the case and to permit the Defense Contract Audit Agency (DCAA) to perform an audit of plaintiff's claim, an effort unsuccessfully undertaken in August 2003. See Def.'s Mot. at 1-2. Based on statements to defense counsel by the DCAA auditor, defendant notes that the earlier audit attempt was thwarted by a lack of cooperation from plaintiff and its subcontractor Abatement Technologies, LLC. Id. at 2. Stating that plaintiff's counsel has agreed to "attempt to persuade plaintiff and its subcontractor to cooperate with the [DCAA] auditor's renewed attempts to conduct [an] audit," defendant adds that it anticipates that the parties will conduct depositions and renew settlement discussions within the next few months. Id.

Plaintiff does not agree that an enlargement of time is necessary, and noting that "[d]efendant's concerns with the requested DCAA audit have only just arisen," plaintiff states that any delay associated with the DCAA audit "has been caused by the government's

delay." Id. at 2-3. Nonetheless, plaintiff states that it does not object to a 45-day enlargement of time provided the enlargement is mutual and does not disturb other deadlines. Pl.'s Resp. at 1.

Further to a fuller discussion with the parties during the telephonic status conference concerning the flagging discovery efforts in this matter, the court GRANTS defendant's motion only for a period of 45 days. The parties shall cooperate to complete the DCAA audit of plaintiff's wiring claim and plaintiff's asbestos removal claim and other necessary discovery in this matter on or before April 12, 2004. A telephonic status conference will be held in this matter on April 26, 2004 to discuss the likelihood of settlement and, if necessary, to address and schedule further proceedings in this matter. If the DCAA audit is completed earlier than April 5, 2004, the parties shall contact chambers by telephone to arrange an earlier telephonic status conference.

In light of this enlargement of time within which to complete discovery and the telephonic status conference held on February 26, 2004, the status conference scheduled, by Order of June 18, 2003, to be held in this matter on March 3, 2004 at 3 p.m. is CANCELLED.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge