IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHIANELLI BUILDING CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | No. 02-1768C |
| Defendant. | ) | |

JOINT STIPULATION FOR ENTRY OF JUDGMENT

To settle Count I of plaintiff's complaint, entitled "Utility Cabling and Wiring Claim for Relief," ("utility claim"), and to permit the entry of final judgment upon that claim, and dismissal of plaintiff's complaint with prejudice, in its entirety, it is stipulated and agreed between the parties:

1. On March 25, 1999, the Department of the Air Force ("Air Force") and plaintiff, Chianelli Building Corporation ("CBC") entered into Contract No. F31610-99-CC005 ("contract") for the improvement of 170 military family housing units located at Berkeley Village, Seymour Johnson Air Force Base, North Carolina.

2. On November 9, 2001 CBC submitted a request for equitable adjustment to the contracting officer, seeking $332,203.37 for alleged additional utility work under the

contract ("utility claim"). At the request of the contracting officer, CBC resubmitted the utility claim with forwarding cover letter dated January 22, 2002. The contracting officer denied CBC's utility claim by final decision dated February 14, 2002.

3. On December 2, 2002, CBC filed a complaint in the Court of Federal Claims ("Court"), asserting two counts against the Government, seeking a total of $552,478.70. The two counts consisted of Count I, CBC's utility claim, and Count II, entitled "Asbestos Abatement Claim for Relief" ("asbestos claim"). CBC's asbestos claim was dismissed by the Court with prejudice on April 29, 2004.

4. CBC has offered to settle its utility claim for payment by the United States in the amount of $175,000.00, plus interest on this amount pursuant to the Contract Disputes Act, 41 U.S.C. § 611 ("CDA") from June 14, 2004 until payment thereof, inclusive of attorney fees, costs, and expenses. Additionally, CBC agrees that it will not appeal or otherwise further pursue its "asbestos claim" previously dismissed by this Court.

5. CBC's offer has been accepted upon behalf of the Attorney General. Accordingly, defendant consents to entry of judgment against defendant in favor of plaintiff as set forth in paragraph 4.

6. Upon entry of judgment, plaintiff releases, waives, and abandons all claims against the United States, its political subdivisions, its officers, agents, and employees, with respect to the asbestos and utility claims (Counts I and II of the Complaint), including, but not limited to, all claims for costs, interest, expenses, attorney fees, compensatory damages, and exemplary damages.

7. This stipulation is in no way related to or concerned with income or other taxes for which plaintiff is now liable or may become liable in the future as a result of this stipulation or as a result of entry of a final judgment.

8. Plaintiff warrants and represents that no other action or suit with respect to the utility or asbestos claims is pending or will be filed in or submitted to any other court, administrative agency, or legislative body, including but not limited to the General Accounting Office. Plaintiff further warrants and represents that it has made no assignment or transfer of all or any part of its right arising out of this suit, except by CBC to CBC's surety. Should there be now or in the future any violation of these warranties and representations, the amount paid pursuant to any judgment entered pursuant to this stipulation, shall be refunded to the United States promptly by

plaintiff, together with interest thereon at the rate provided in 41 U.S.C. § 611, from the date of the payment to plaintiff.

9. This stipulation is for the purpose of settling Count I of plaintiff's complaint, and no other claim or action (Count II having already been dismissed with prejudice). This agreement is binding to effect the terms of this stipulation. This agreement shall not be effective, nor cited or otherwise referred to, in any proceedings, whether judicial or administrative, except as is necessary to effect the terms of this stipulation.

10. This stipulation constitutes a complete integration of the agreement between the parties concerning Count I of this action, and supercedes any and all prior oral or written representations, understandings or agreements among or between them.

11. The individuals executing this stipulation are authorized to execute for and upon behalf of the party to this lawsuit for whom they sign, and do so as their full and voluntary act, recognizing that this stipulation constitutes the entire agreement between the parties.

Respectfully submitted,

ROBERT D. McCALLUM, JR.
Assistant Attorney General

DAVID M. COHEN
Director

s/ Bryant G. Snee

BRYANT G. SNEE
Assistant Director
Authorized Representative for the Attorney General

s/ Lauren S. Moore

LAUREN S. MOORE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-6288

/s/ Neil S. Lowenstein

NEIL S. LOWENSTEIN
Vandeventer Black LLP
500 World Trade Center
Norfolk, VA 23510
Tele: (757) 446-8600
Fax: (757) 446-8670

JUNE 14, 2004

CERTIFICATE OF FILING

I hereby certify that on JUNE 14, 2004, a copy of "JOINT STIPULATION FOR ENTRY OF JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Lauren S. Moore